

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   PATRICK CONNALLY, CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11  PATRICK CONNALLY an individual;      **CASE NO.**
    CRAIG YATES an individual; and       **Civil Rights**
12  DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES:HELPING YOU)     **COMPLAINT FOR INJUNCTIVE RELIEF**
13  HELP OTHERS, a California public benefit )  **AND DAMAGES:**
    corporation,
14                                        **1st CAUSE OF ACTION:** For Denial of Access
         Plaintiffs,                      by a Public Accommodation in Violation of the
15                                        Americans with Disabilities Act of 1990 (42
    v.                                    U.S.C. §12101, *et seq.*)
16
    USA SMOG & GASOLINE; SHAHZADA )      **2nd CAUSE OF ACTION:** For Denial of Full
17  KHAN, an individual dba USA SMOG & )  and Equal Access in Violation of California
    GASOLINE                             Civil Code §§54, 54.1 and 54.3
18
         Defendants.                      **3rd CAUSE OF ACTION:** For Denial of
19                                        Accessible Sanitary Facilities in Violation of
                                          California Health & Safety Code §19955, *et seq.*
20
                                          **4th CAUSE OF ACTION:** For Denial of
21                                        Access to Full and Equal Accommodations,
                                          Advantages, Facilities, Privileges and/or
22                                        Services in Violation of California Civil Code
                                          §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                        **DEMAND FOR JURY**

26

27

28

    COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                          1

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   PATRICK CONNALLY, CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9             UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  PATRICK CONNALLY an individual;<br>CRAIG YATES an individual; and<br>12  DISABILITY RIGHTS, ENFORCEMENT,<br>EDUCATION, SERVICES:HELPING YOU<br>13  HELP OTHERS, a California public benefit<br>corporation,<br>14<br>         Plaintiffs,<br>15<br>v.<br>16<br>USA SMOG & GASOLINE; SHAHZADA<br>17  KHAN, an individual dba USA SMOG &<br>GASOLINE<br>18<br>         Defendants.<br>19 | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF<br>AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access<br>by a Public Accommodation in Violation of the<br>Americans with Disabilities Act of 1990 (42<br>U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full<br>and Equal Access in Violation of California<br>Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of<br>Accessible Sanitary Facilities in Violation of<br>California Health & Safety Code §19955, *et seq.* |

20

21                                           **4th CAUSE OF ACTION:** For Denial of
                                             Access to Full and Equal Accommodations,
22                                           Advantages, Facilities, Privileges and/or
                                             Services in Violation of California Civil Code
23                                           §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                           **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiffs PATRICK CONNALLY, CRAIG YATES, each an individual; and DISABILITY
2   RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
3   California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain
4   of defendants USA SMOG & GASOLINE; SHAHZADA KHAN, an individual dba USA
5   SMOG & GASOLINE and allege as follows:

6   **INTRODUCTION:**

7       1.      This is a civil rights action for discrimination against persons with physical
8   disabilities, of which class plaintiff PATRICK CONNALLY, plaintiff CRAIG YATES, and the
9   membership of DREES are members, for failure to remove architectural barriers structural in
10  nature at defendants' U.S. SMOG and GAS, a place of public accommodation, thereby
11  discriminatorily denying plaintiffs and the class of other similarly situated persons with physical
12  disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit
13  from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive
14  relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101,
15  *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code
16  §19955, *et seq.*

17      2.      Plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES each is a person
18  with physical disabilities who, on or about September 25, 2006, October 5, 2006, January 12,
19  2007 and January 22, 2007, was an invitee, guest, patron, customer at defendants' US SMOG &
20  GAS, in the City of Berkeley, California.  At said time and place, defendants failed to provide
21  proper legal access to the gas station, which is a "public accommodation" and/or a "public
22  facility" including, but not limited to the restroom and signag.  The denial of access was in
23  violation of both federal and California legal requirements, and plaintiff PATRICK CONNALLY
24  and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and
25  was embarrassed and humiliated.

26  **JURISDICTION AND VENUE:**

27      3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
28  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
2  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
3  California law, whose goals are closely tied with the ADA, including but not limited to violations
4  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
5  *seq.*, including §19959; Title 24 California Building Standards Code.

6  4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
7  founded on the facts that the real property which is the subject of this action is located at/near
8  *3000 Shattuck Avenue.*, in the City of Berkeley, County of Alameda, State of California, and
9  that plaintiffs' causes of action arose in this county.

10  **PARTIES:**

11  5.  Plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES each is a
12  "physically handicapped person", a "physically disabled person", and a "person with physical
13  disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person
14  with physical disabilities" are used interchangeably, as these words have similar or identical
15  common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety
16  Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51,
17  51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically
18  disabled persons").  Plaintiff PATRICK CONNALLY is a "person with physical disabilities", as
19  defined by all applicable California and United States laws.  Plaintiff has severe traumatic head
20  injury, chronic arthritis in upper extremities and constant joint inflammation, pain and swelling.
21  Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable
22  California and United States laws.  Plaintiff is a paraplegic. Each plaintiff requires the use of a
23  wheelchair to travel about in public.  Consequently each plaintiff, PATRICK CONNALLY and
24  plaintiff CRAIG YATES each is a member of that portion of the public whose rights are
25  protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public
26  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil
27  Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the
28  Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3  with persons with disabilities to empower them to be independent in American society.  DREES

4  accomplishes its goals and purposes through education on disability issues, enforcement of the

5  rights of persons with disabilities, and the provision of services to persons with disabilities, the

6  general public, public agencies and the private business sector.  DREES brings this action on

7  behalf of its members, many of whom are persons with physical disabilities and whom have

8  standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff PATRICK CONNALLY, plaintiff CRAIG

10  YATES, will or have been guests and invitees at the subject U.S. SMOG and GAS, and that the

11  interests of plaintiff DREES in removing architectural barriers at the subject gas station and GAS

12  advance the purposes of DREES to assure that all public accommodations, including the subject

13  gas station, are accessible to independent use by mobility-impaired persons.  The relief sought by

14  plaintiff DREES as alleged herein is purely statutory in nature.

15    8.    Defendants USA SMOG & GASOLINE; SHAHZADA KHAN, an individual

16  dba USA SMOG & GASOLINE (hereinafter alternatively collectively referred to as

17  "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,

18  lessors and/or lessees, of the public accommodation known as U.S. SMOG and GAS, located

19  at/near *3000 Shattuck Avenue*, Berkeley, California, or of the building and/or buildings which

20  constitute said public accommodation.

21    9.    At all times relevant to this complaint, defendants USA SMOG & GASOLINE;

22  SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE , own and operate in

23  joint venture the subject U.S. SMOG and GAS as a public accommodation.  This business is

24  open to the general public and conducts business therein.  The business is a "public

25  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

26  51.5 and 54, *et seq.*, Health and Safety code §19955, *et seq.*, and the ADA, 42 U.S.C. §12101, *et*

27  *seq.*

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    10.    At all times relevant to this complaint, defendants **USA SMOG & GASOLINE;**

2 **SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE** are jointly and severally

3 responsible to identify and remove architectural barriers at the subject pursuant to Code of

4 Federal Regulations title 28, section 36.201(b), which states in pertinent part:

5         **§ 36.201       General**

6             (b) *Landlord and tenant responsibilities.* Both the landlord
        who owns the building that houses a place of public
7         accommodation and the tenant who owns or operates the place of
        public accommodation are public accommodations subject to the
8         requirements of this part.  As between the parties, allocation of
        responsibility for complying with the obligations of this part may
9         be determined by lease or other contract.

10           28 CFR §36.201(b)

11 **PRELIMINARY FACTUAL ALLEGATIONS:**

12    11.    The U.S. SMOG and GAS, is a gasoline station, located at/near 3000 Shattuck

13 *Avenue*, Berkeley, California.  The U.S. SMOG and GAS, its restroom, signage, and its other

14 facilities are each a "place of public accommodation or facility" subject to the barrier removal

15 requirements of the Americans with Disabilities Act.  On information and belief, each such

16 facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of

17 which has subjected the service station and each of its facilities, its restroom and signage to

18 disability access requirements per the Americans with Disabilities Act Accessibility Guidelines

19 (ADAAG), and Title 24 of the California Code of regulations (Title 24).

20    12.    At all times stated herein, plaintiff PATRICK CONNALLY and plaintiff CRAIG

21 YATES each was a member of DREES.

22    13.    At all times referred to herein and continuing to the present time, defendants, and

23 each of them, advertised, publicized and held out the U.S. SMOG and GAS as being

24 handicapped accessible and handicapped usable.

25    14.    On or about September 25, 2006, October 5, 2006, January 12, 2007 and January

26 22, 2007, plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES each was an invitee

27 and guest at the subject U.S. SMOG and GAS.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       15.    On or about January 12, 2007, plaintiff CRAIG YATES was alone and present at

2   U.S. SMOG and GAS.

3       16.    Prior to September 25, 2006, plaintiff PATRICK CONNALLY and plaintiff

4   CRAIG YATES each had been patrons at U.S. GAS and SMOG.

5       17.    On or about September 25, 2006, plaintiff PATRICK CONNALLY and plaintiff

6   CRAIG YATES each were invitees at U.S. SMOG and GAS.  Plaintiff PATRICK CONNALLY

7   and plaintiff CRAIG YATES needed to use a restroom.  Plaintiff PATRICK CONNALLY went

8   to the cashier and asked were the restroom was and was referred to the rear of the station to an

9   existing ramp.  Plaintiff PATRICK CONNALLY attempted to wheel up the ramp while plaintiff

10  CRAIG YATES watched.  The ramp was steep and had boxes on it.  Plaintiff PATRICK

11  CONNALLY stressed and strained himself trying to roll up the ramp and move the boxes at the

12  same time.  Once plaintiff PATRICK CONNALLY got up the ramp, he discovered that it did not

13  lead to the restroom.

14      18.    At said time and place, plaintiff PATRICK CONNALLY and plaintiff CRAIG

15  YATES discovered that the unisex restroom was adjacent to the ramp.  However, access to this

16  restroom required overcoming a six (6)inch concrete platform area.

17      19.    On or about October 4, 2006, plaintiff CRAIG YATES wrote the landlord and

18  tenant concerning the problem.  Plaintiff CRAIG YATES did not receive a response.

19      20.    On or about October 5, 2006, plaintiff PATRICK CONNALLY and plaintiff

20  CRAIG YATES, again, patronized U.S. SMOG and GAS.  The restroom was not accessible.

21      21.    On or about October 10, 2006, plaintiff CRAIG YATES wrote the landlord and

22  tenant a second letter because at that time plaintiff CRAIG YATES misplaced his October 4,

23  2006 copy.  Plaintiff CRAIG YATES later discovered his October 4, 2006 copy.

24      22.    On or about January 12, 2007, plaintiff CRAIG YATES returned to U.S. Smog

25  with Ben Kinney.  Plaintiff CRAIG YATES saw that there was still no access to the restroom.

26      23.    On or about January 22, 2007, plaintiff PATRICK CONNALLY once again,

27  patronized U.S. Smog and saw that no remedial work had been done to make the restroom

28  accessible.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    24.    Plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES noticed that all

2   occasions there was no van accessible parking signage nor a marked path of travel to the entrance

3   to the service station.

4    25.    Therefore, at said time and place, plaintiff PATRICK CONNALLY and plaintiff

5   CRAIG YATES, each is a person with a disability, encountered the following inaccessible

6   elements of the subject U.S. SMOG and GAS which constituted architectural barriers and a

7   denial of the proper and legally-required access to a public accommodation to persons with

8   physical disabilities including, but not limited to:

9              a.    lack of directional signage to show accessible routes of travel i.e
                     entrances;
10
               b.    lack of handicapped van accessible parking signage;
11
               c.    lack of tow-a-way signage;
12
               d.    lack of a handicapped-accessible women's public restroom;
13
               e.    lack of a handicapped-accessible unisex public restroom;
14
               f.    On personal knowledge, information and belief, other public facilities and
15                   elements too numerous to list were improperly inaccessible for use by
                     persons with physical disabilities.
16    26.    At all times stated herein, the existence of architectural barriers at defendants'

17   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

18   with the Americans with Disabilities Act of 1990 either then, now or in the future.

19    27.    On or about October 4 and 10, 2006, defendant(s) were sent a total of four (4)

20   letters by or on behalf of plaintiff PATRICK CONNALLY and CRAIG YATES advising of the

21   existence of architectural barriers, requesting a response within two weeks and requesting

22   remedial measures be undertaken within 90 days or an explanation of why the time limit set

23   could not be met and/or extenuating circumstances. Said letters are attached hereto collectively

24   as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure

25   to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the

26   matter.

27    28.    At all times stated herein, defendants, and each of them, were "negligent per se"

28   in not removing architectural barriers determined by the Department of Justice to be considered a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1 │ safety concern/safety hazard where it was readily achievable for said public accommodation to
2 │ remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36,
3 │ and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as
4 │ a legal result of defendants breach of duty to remove those barriers encountered by plaintiff,
5 │ plaintiff suffered bodily injury.

6 │     29.    As a legal result of defendants USA SMOG & GASOLINE; SHAHZADA
7 │ KHAN, an individual dba USA SMOG & GASOLINE's failure to act as a reasonable and
8 │ prudent public accommodation in identifying, removing or creating architectural barriers,
9 │ policies, practices and procedures that denied access to plaintiffs and other persons with
10 │ disabilities, plaintiffs suffered the damages as alleged herein.

11 │     30.    As a further legal result of the actions and failure to act of defendants, and as a
12 │ legal result of the failure to provide proper handicapped-accessible public facilities as set forth
13 │ herein, plaintiffs PATRICK CONNALLY and CRAIG YATES were denied their civil rights to
14 │ full and equal access to public facilities. Plaintiff PATRICK CONNALLY suffered a loss of his
15 │ civil rights and his rights as a person with physical disabilities to full and equal access to public
16 │ facilities, and further suffered bodily injury on September 25, 2006, (including, but not limited
17 │ to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down,
18 │ to, over, around and through architectural barriers. Specifically, as a legal result of defendants
19 │ negligence in the design, construction and maintenance of the existing ramp and placement of
20 │ boxes on said ramp, plaintiff PATRICK CONNALLY suffered continuous, repetitive and
21 │ cumulative trauma to his extremities while attempting to roll up the ramp and move boxes),
22 │ plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES suffered physical discomfort,
23 │ emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not
24 │ limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and
25 │ naturally associated with a person with physical disabilities being denied access, all to his
26 │ damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is
27 │ being made for mental and emotional distress over and above that usually associated with the
28 │

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  discrimination and physical injuries claimed, and no expert testimony regarding this usual mental
2  and emotional distress will be presented at trial in support of the claim for damages.

3      31.    Defendants', and each of their, failure to remove the architectural barriers
4  complained of herein created, at the time of plaintiff PATRICK CONNALLY and plaintiff
5  CRAIG YATES's first visit to said public accommodation, and continues to create continuous
6  and repeated exposure to substantially the same general harmful conditions which caused
7  plaintiffs PATRICK CONNALLY and CRAIG YATES harm as stated herein.

8      32.    Plaintiff PATRICK CONNALLY, plaintiff CRAIG YATES, and the membership
9  of DREES were denied their rights to equal access to a public facility by defendants USA
10 SMOG & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,
11 because defendants USA SMOG & GASOLINE; SHAHZADA KHAN, an individual dba
12 USA SMOG & GASOLINE maintained a service station without access for persons with
13 physical disabilities to its facilities, including but not limited to the restroom, signage, and other
14 public areas as stated herein], and continue to the date of filing this complaint to deny equal
15 access to plaintiffs and other persons with physical disabilities in these and other ways.

16     33.    On information and belief, construction alterations carried out by defendants have
17 also triggered access requirements under both California law and the Americans with Disabilities
18 Act of 1990.

19     34.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the U.S.
20 SMOG and GAS to be made accessible to meet the requirements of both California law and the
21 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
22 operate the station as a public facility. Plaintiffs seek damages for violation of their civil rights
23 on September 25, 2006, October 5, 2006, January 12, 2007 and January 22, 2007 and they seek
24 statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000
25 pursuant to Civil Code §54.3, for each day after his visit that plaintiff PATRICK CONNALLY
26 and plaintiff CRAIG YATES was deterred from returning to the station because of his
27 knowledge and belief that the premises was and remains inaccessible to persons with disabilities.
28

1      35.    On information and belief, defendants have been negligent in their affirmative

2  duty to identify the architectural barriers complained of herein and negligent in the removal of

3  some or all of said barriers.

4      36.    Because of defendants' violations, plaintiffs and other persons with physical

5  disabilities are unable to use public facilities such as those owned and operated by defendants on

6  a "full and equal" basis unless such facility is in compliance with the provisions of the

7  Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*

8  *seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court

9  compelling defendants to make the U.S. SMOG and GAS accessible to persons with disabilities.

10      37.    On information and belief, defendants have intentionally undertaken to modify

11  and alter existing building(s), and have failed to make them comply with accessibility

12  requirements under the requirements of ADAAG and Title 24.  The acts and omission of

13  defendants, and each of them, in failing to provide the required accessible public facilities at

14  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

15  despicable conduct carried out by defendants, and each of them, with a willful and conscious

16  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

17  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

18  profound example of defendants, and each of them, to other operators of other service stations

19  and other public facilities, and to punish defendants and to carry out the purposes of the Civil

20  Code §§ 51, 51.5 and 54.

21      38.    Plaintiffs are informed and believe and therefore allege that defendants USA

22  SMOG & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,

23  and each of them, caused the subject building(s) which constitute the U.S. SMOG and GAS to be

24  constructed, altered and maintained in such a manner that persons with physical disabilities were

25  denied full and equal access to, within and throughout said building(s) of the subject station and

26  were denied full and equal use of said public facilities.  Furthermore, on information and belief,

27  defendants have continued to maintain and operate said station and/or its building(s) in such

28  conditions up to the present time, despite actual and constructive notice to such defendants that

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  the configuration of U.S. SMOG and GAS and/or its building(s) is in violation of the civil rights
2  of persons with physical disabilities, such as plaintiff PATRICK CONNALLY and plaintiff
3  CRAIG YATES, the membership of plaintiff DREES and the disability community which
4  DREES serves. Such construction, modification, ownership, operation, maintenance and
5  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
6  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

7      39.     On personal knowledge, information and belief, the basis of defendants' actual
8  and constructive notice that the physical configuration of the facilities including, but not limited
9  to, architectural barriers constituting the U.S. SMOG and/or building(s) was in violation of the
10 civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,
11 communications with invitees and guests, plaintiff PATRICK CONNALLY and plaintiff CRAIG
12 YATES each, owners of other stations and businesses, notices they obtained from governmental
13 agencies upon modification, improvement, or substantial repair of the subject premises and other
14 properties owned by these defendants, newspaper articles and trade publications regarding the
15 Americans with Disabilities Act of 1990 and other access laws, public service announcements by
16 former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
17 Defendants' failure, under state and federal law, to make the station accessible is further evidence
18 of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons
19 with disabilities. Despite being informed of such effect on plaintiff and other persons with
20 physical disabilities due to the lack of accessible facilities, defendants, and each of them,
21 knowingly and willfully refused to take any steps to rectify the situation and to provide full and
22 equal access for plaintiffs and other persons with physical disabilities to the station. Said
23 defendants, and each of them, have continued such practices, in conscious disregard for the rights
24 of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint,
25 and continuing thereon. Defendants had further actual knowledge of the architectural barriers
26 referred to herein by virtue of the demand letter addressed to the defendants and served
27 concurrently with the summons and complaint. Said conduct, with knowledge of the effect it
28 was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated

2   persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

3       40.    Plaintiff PATRICK CONNALLY, plaintiff CRAIG YATES and plaintiff DREES,

4   on behalf of its membership and the disability community which it serves, consisting of persons

5   with disabilities, would, could and will return to the subject public accommodation when it is

6   made accessible to persons with disabilities.

7   **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
8   **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES, and DISABILITY
9   RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
    OTHERS, a California public benefit corporation and Against Defendants USA SMOG
10  & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,
    inclusive)
11  (42 U.S.C. §12101, *et seq.*)

12      41.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

13  the allegations contained in paragraphs 1 through 40 of this complaint.

14      42.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

15  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

16  protect:

17              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
18              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be a
19              serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality
20              of opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing
21              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an
22              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.
23
        43.    Congress stated as its purpose in passing the Americans with Disabilities Act of
24
    1990 (42 U.S.C. §12102):
25
                It is the purpose of this act (1) to provide a clear and
26              comprehensive national mandate for the elimination of
                discrimination against individuals with disabilities; (2) to provide
27              clear, strong, consistent, enforceable standards addressing
                discrimination against individuals with disabilities; (3) to ensure
28              that the Federal government plays a central role in enforcing the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      standards established in this act on behalf of individuals with
       disabilities; and (4) to invoke the sweep of Congressional
2      authority, including the power to enforce the 14th Amendment and
       to regulate commerce, in order to address the major areas of
3      discrimination faced day to day by people with disabilities.

4      44.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336

5    (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

6    Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

7    accommodations identified for purposes of this title was:

8              (7)     PUBLIC ACCOMMODATION - The following private
               entities are considered public accommodations for purposes of this
9              title, if the operations of such entities affect commerce -

10     (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair
       service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance
11     office, professional office of a health care provider, hospital or other service
       establishment;

12             42 U.S.C. §12181(7)(F)

13     45.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

14   against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

15   privileges, advantages, or accommodations of any place of public accommodation by any person

16   who owns, leases, or leases to, or operates a place of public accommodation".

17     46.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

18   42 U.S.C. §12182(b)(2)(a) are:

19             (I)     the imposition or application of eligibility criteria
20             that screen out or tend to screen out an individual with a disability
               or any class of individuals with disabilities from fully and equally
21             enjoying any goods, services, facilities, privileges, advantages, or
               accommodations, unless such criteria can be shown to be necessary
22             for the provision of the goods, services, facilities, privileges,
               advantages, or accommodations being offered;

23             (ii)     a failure to make reasonable modifications in
24             policies, practices, or procedures, when such modifications are
               necessary to afford such goods, services, facilities, privileges,
25             advantages or accommodations to individuals with disabilities,
               unless the entity can demonstrate that making such modifications
26             would fundamentally alter the nature of such goods, services,
               facilities, privileges, advantages, or accommodations;

27             (iii)     a failure to take such steps as may be necessary to
28             ensure that no individual with a disability is excluded, denied

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
result in an undue burden;

      (iv)     a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

      (v)     where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

Effective January 31, 1993, the standards of the ADA were also incorporated into California

Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

52(a) and 54.3.

    47.     The removal of the barriers complained of by plaintiffs as hereinabove alleged

was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of U.S.

SMOG pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal

of all the barriers complained of herein together was not "readily achievable," the removal of

each individual barrier complained of herein was "readily achievable." On information and

belief, defendants' failure to remove said barriers was likewise due to discriminatory practices,

procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

    48.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

accomplishable and able to be carried out without much difficulty or expense." The statute

defines relative "expense" in part in relation to the total financial resources of the entities

involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

plaintiffs complain of herein were and are "readily achievable" by the defendants under the

standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

1  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
2  make the required services available through alternative methods which were readily achievable.

3      49.    On information and belief, construction work on, and modifications of, the subject
4  building(s) of U.S. SMOG occurred after the compliance date for the Americans with Disabilities
5  Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

6      50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
7  seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
8  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
9  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
10  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
11  returning to or making use of the public facilities complained of herein so long as the premises
12  and defendants' policies bar full and equal use by persons with physical disabilities.

13      51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with
14  a disability to engage in a futile gesture if such person has actual notice that a person or
15  organization covered by this title does not intend to comply with its provisions". Pursuant to this
16  section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or
17  about January 22, 2007, and plaintiff CRAIG YATES has not returned since on or about January
18  12, 2007, but on information and belief, alleges that defendants have continued to violate the law
19  and deny the rights of plaintiffs and of other persons with physical disabilities to access this
20  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
21  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
22  facilities readily accessible to and usable by individuals with disabilities to the extent required by
23  this title".

24      52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
25  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
26  the Americans with Disabilities Act of 1990, including but not limited to an order granting
27  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
28  deemed to be the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3      (On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES and DISABILITY
       RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
4      OTHERS, a California public benefit corporation, and Against Defendants USA SMOG
       & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,
5      inclusive)
       (California Civil Code §§54, 54.1, 54.3, *et seq.*)
6
7          53.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

    allegations contained in paragraphs 1 through 52 of this complaint.
8
9          54.     At all times relevant to this action, California Civil Code §54 has provided that

10   persons with physical disabilities are not to be discriminated against because of physical

     handicap or disability.  This section provides that:
11
12             (a) Individuals with disabilities . . . have the same rights as
               the general public to full and free use of the streets, highways,
               sidewalks, walkways, public buildings, medical facilities, including
13             hospitals, clinics, and physicians' offices, and other public places.

14         55.     California Civil Code §54.1 provides that persons with disabilities shall not be

15   denied full and equal access to places of public accommodation or facilities:

16             (a)(1) Individuals with disabilities shall be entitled to full
               and equal access, as other members of the general public, to
17             accommodations, advantages, facilities, medical facilities,
               including hospitals, clinics, and physicians' offices, and privileges
18             of all common carriers, airplanes, motor vehicles, railroad trains,
               motorbuses, streetcars, boats, or any other public conveyances or
19             modes of transportation (whether private, public, franchised,
               licensed, contracted, or otherwise provided), telephone facilities,
20             adoption agencies, private schools, hotels, lodging places, places of
               public accommodation, amusement or resort, and other places to
21             which the general public is invited, subject only to the conditions
               and limitations established by law, or state or federal regulation,
22             and applicable alike to all persons.

23             Civil Code §54.1(a)(1)

24         56.     California Civil Code §54.1 further provides that a violation of the Americans

25   with Disabilities Act of 1990 constitutes a violation of section 54.1:

26             (d) A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336)
27             also constitutes a violation of this section, and nothing in this
               section shall be construed to limit the access of any person in
28             violation of that act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    Civil Code §54.1(d)

2    57.    Plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES and the

3    membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose

4    rights have been infringed upon and violated by the defendants, and each of them, as prescribed

5    by §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully

6    fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1. Plaintiffs have

7    been and continue to be denied full and equal access to defendants' U.S. SMOG. As a legal

8    result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each

9    day on which they visited or have been deterred from visiting the station because of their

10   knowledge and belief that the station is inaccessible to persons with disabilities. California Civil

11   Code §54.3(a) provides:

12           Any person or persons, firm or corporation, who denies or
             interferes with admittance to or enjoyment of the public facilities
13           as specified in Sections 54 and 54.1 or otherwise interferes with
             the rights of an individual with a disability under Sections 54, 54.1
14           and 54.2 is liable for each offense for the actual damages and any
             amount as may be determined by a jury, or the court sitting without
15           a jury, up to a maximum of three times the amount of actual
             damages but in no case less than . . .one thousand dollars ($1,000)
16           and . . . attorney's fees as may be determined by the court in
             addition thereto, suffered by any person denied any of the rights
17           provided in Sections 54, 54.1 and 54.2.

18           Civil Code §54.3(a)

19   58.    On or about September 25, 2006, October 5, 2006, January 12, 2007 and January

20   22, 2007, plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES suffered violations of

21   §§54 and 54.1 of the Civil Code in that plaintiff PATRICK CONNALLY and plaintiff CRAIG

22   YATES was denied access to the restroom, signage and other public facilities as stated herein at

23   the U.S. SMOG and GAS and on the basis that plaintiff PATRICK CONNALLY plaintiff

24   CRAIG YATES each was a person with physical disabilities.

25   59.    As a result of the denial of equal access to defendants' facilities due to the acts

26   and omissions of defendants, and each of them, in owning, operating and maintaining these

27   subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

28   limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff PATRICK CONNALLY

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   suffered physical discomfort, bodily injury on or about (including, but not limited to, fatigue,

2   stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,

3   around and through architectural barriers.  Specifically, as a legal result of defendants negligence

4   in the design, construction and maintenance of the existing ramp and negligent placement of

5   boxes, plaintiff PATRICK CONNALLY suffered continuous, repetitive and cumulative trauma

6   to his extremities while attempting to roll up the ramp and while moving boxes from his

7   wheelchair), plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES suffered emotional

8   distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation,

9   embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and

10  naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's

11  damages as hereinafter stated.  Defendants' actions and omissions to act constituted

12  discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that

13  represents persons with physical disabilities and unable, because of the architectural barriers

14  created and maintained by the defendants in violation of the subject laws, to use the public

15  facilities hereinabove described on a full and equal basis as other persons.

16      60.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

17  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

18  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

19  about September 25, 2006, October 5, 2006, January 12, 2007 and January 22, 2007, and on a

20  continuing basis since then, including statutory damages, a trebling of all of actual damages,

21  general and special damages available pursuant to §54.3 of the Civil Code according to proof.

22      61.     As a result of defendants', and each of their, acts and omissions in this regard,

23  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

24  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

25  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

26  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

27  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

28  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

2   the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

3   party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

4        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

5   **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
        **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
6   (On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES and DISABILITY
    RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
7   OTHERS, a California public benefit corporation and Against Defendants USA SMOG
    & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE
8   inclusive)
    (Health & Safety Code §19955, *et seq.*)
9

10        62.        Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

11   the allegations contained in paragraphs 1 through 61 of this complaint.

12        63.        Health & Safety Code §19955 provides in pertinent part:

13             The purpose of this part is to insure that public accommodations or
               facilities constructed in this state with private funds adhere to the
14             provisions of Chapter 7 (commencing with Sec. 4450) of Division
               5 of Title 1 of the Government Code.  For the purposes of this part
15             "public accommodation or facilities" means a building, structure,
               facility, complex, or improved area which is used by the general
16             public and shall include auditoriums, hospitals, theaters,
               restaurants, hotels, motels, stadiums, and convention centers.
17             When sanitary facilities are made available for the public, clients or
               employees in such accommodations or facilities, they shall be
18             made available for the handicapped.

19        64.        Health & Safety Code §19956, which appears in the same chapter as §19955,

20   provides in pertinent part, "accommodations constructed in this state shall conform to the

21   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

22   Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

23   public accommodations constructed or altered after that date.  On information and belief,

24   portions of the U.S. SMOG and GAS STATION and/or of the building(s) were constructed

25   and/or altered after July 1, 1970, and substantial portions of the station and/or the building(s) had

26   alterations, structural repairs, and/or additions made to such public accommodations after July 1,

27   1970, thereby requiring said station and/or building to be subject to the requirements of Part 5.5,

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1   §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions
2   per Health & Safety Code §19959.

3          65.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
4   Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
5   1982, Title 24 of the California Building Standards Code adopted the California State Architect's
6   Regulations and these regulations must be complied with as to any alterations and/or
7   modifications of U.S. SMOG and/or the building(s) occurring after that date. Construction
8   changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
9   to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
10  On information and belief, at the time of the construction and modification of said building, all
11  buildings and facilities covered were required to conform to each of the standards and
12  specifications described in the American Standards Association Specifications and/or those
13  contained in Title 24 of the California Building Standards Code.

14         66.     Gasoline stations such as the U.S. SMOG and GAS are "public accommodations
15  or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

16         67.     As a result of the actions and failure to act of defendants, and as a result of the
17  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
18  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of
19  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal
20  access to public facilities.

21         68.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
22  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
23  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
24  physical disabilities and prohibiting discrimination against the persons with physical disabilities,
25  and to take such action both in plaintiffs' own interests and in order to enforce an important right
26  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
27  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
28  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

2 | and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

3 | 3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

4 | party.

5 |       69.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

6 | them, to make the subject place of public accommodation readily accessible to and usable by

7 | persons with disabilities.

8 |       Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

9 | **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**

10 | **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

11 | (On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP

12 | OTHERS, a California public benefit corporation, and Against Defendants USA SMOG & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE

13 | inclusive)
(Civil Code §51, 51.5)

14 |

15 |       70.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 69 of this complaint.

16 |

17 |       71.    Defendants' actions and omissions and failure to act as a reasonable and prudent

public accommodation in identifying, removing and/or creating architectural barriers, policies,

18 |

19 | practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

Unruh Act provides:

20 |

21 |           This section shall be known, and may be cited, as the
Unruh Civil Rights Act.

22 |           All persons within the jurisdiction of this state are free and

23 | equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal

24 | accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

25 |           This section shall not be construed to confer any right or
privilege on a person that is conditioned or limited by law or that is

26 | applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

27 |

28 |           Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

72.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

73.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

1  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
2  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
3  Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate
4  the entirety of their above cause of action for violation of the Americans with Disabilities Act at
5  §41, *et seq*., as if repled herein.

6      74.      As a legal result of the violation of plaintiff PATRICK CONNALLY and CRAIG
7  YATES's civil rights as hereinabove described, plaintiff PATRICK CONNALLY and plaintiff
8  CRAIG YATES has suffered general damages, bodily injury (including, but not limited to,
9  fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to,
10 over, around and through architectural barriers). Specifically on or about September 25, 2006, as
11 a legal result of defendants negligence in the design, construction and maintenance of the
12 existing ramp and negligent placement of boxes, plaintiff, plaintiff PATRICK CONNALLY
13 suffered continuous, repetitive and cumulative trauma to his extremities while attempting to
14 wheel up the ramp and while removing boxes). Plaintiff PATRICK CONNALLY and plaintiff
15 CRAIG YATES furthered suffered emotional distress (all to plaintiff's damage according to
16 proof, and incurred reasonable attorneys' fees and costs). Plaintiffs PATRICK CONNALLY and
17 CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code,
18 including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and
19 general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,
20 according to proof if deemed to be the prevailing party.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1  **PRAYER:**

2        Plaintiffs pray that this court award damages and provide relief as follows:

3  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4       **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
        (On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES and DISABILITY

5       RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
        OTHERS, a California public benefit corporation, and Against Defendants USA SMOG

6       & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,
        inclusive)

7       (42 U.S.C. §12101, *et seq.*)

8            1.    For injunctive relief, compelling defendants USA SMOG & GASOLINE;

9  SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE, inclusive, to make the

10  U.S SMOG, located at 3000 Shattuck Avenue, Berkeley, California, readily accessible to and

11  usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable

12  modifications in policies, practice, eligibility criteria and procedures so as to afford full access to

13  the goods, services, facilities, privileges, advantages and accommodations being offered.

14           2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

15  the prevailing party; and

16           3.    For such other and further relief as the court may deem proper.

17  **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
         EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

18      **AND 54.3,** *ET SEQ.*
        (On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES and DISABILITY

19      RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
        OTHERS, a California public benefit corporation, and Against Defendants USA SMOG

20      & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,
        inclusive)

21      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

22           1.    For injunctive relief, compelling defendants USA SMOG & GASOLINE;

23  SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE, inclusive, to make the

24  U.S. SMOG, located at 3000 Shattuck Avenue, Berkeley, California, readily accessible to and

25  usable by individuals with disabilities, per state law.

26           2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

27  each occasion on which plaintiffs were deterred from returning to the subject public

28  accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

2    Procedure §1021.5, if plaintiffs are deemed the prevailing party;

3    4.    Treble damages pursuant to Civil Code §54.3;

4    5.    For all costs of suit;

5    6.    Prejudgment interest pursuant to Civil Code §3291;

6    7.    Such other and further relief as the court may deem just and proper.

7    **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
8         EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
          AND 54.3, *ET SEQ.***
9         (On Behalf of Plaintiffs PATRICK CONNALLY CRAIG YATES, and Against
          Defendants USA SMOG & GASOLINE; SHAHZADA KHAN, an individual dba
          USA SMOG & GASOLINE, inclusive),
10        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

11    1.    General and compensatory damages according to proof.

12    **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
           SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
13         §19955, *ET. SEQ.***
           (On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES and DISABILITY
14         RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
           OTHERS, a California public benefit corporation, and Against Defendants USA SMOG
15         & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,
           inclusive)
16         (Health & Safety code §19955, *et seq.*)

17    1.    For injunctive relief, compelling defendants USA SMOG & GASOLINE;

18    SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE, inclusive, to make the

19    U.S. SMOG, located at 3000 Shattuck Avenue, Berkeley, California, readily accessible to and

20    usable by individuals with disabilities, per state law.

21    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

22    and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

23    3.    For all costs of suit;

24    4.    For prejudgment interest pursuant to Civil Code §3291;

25    5.    Such other and further relief as the court may deem just and proper.

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1  **V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
       FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
2      PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
       CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3      (On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES and DISABILITY
       RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
4      OTHERS, a California public benefit corporation and Against Defendants USA SMOG
       & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE,
5      inclusive)
       (California Civil Code §§51, 51.5, *et seq.*)

6
       1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident

7  and for each occasion on which plaintiffs were deterred from returning to the subject public

8  accommodation;

9      2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

10  prevailing party;

11     3.    Treble damages pursuant to Civil Code §52(a);

12     4.    For all costs of suit;

13     5.    Prejudgment interest pursuant to Civil Code §3291; and

14     6.    Such other and further relief as the court may deem just and proper.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1  **VI.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs PATRICK CONNALLY, CRAIG YATES, and Against Defendants USA SMOG & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.  General and compensatory damages to plaintiff PATRICK CONNALLY and plaintiff CRAIG YATES according to proof.

Dated: _____ 2/32 _____, 2007    THOMAS E. FRANKOVICH
                                      *A PROFESSIONAL LAW CORPORATION*


                                      By: _____
                                          THOMAS E. FRANKOVICH
                                      Attorneys for Plaintiffs PATRICK CONNALLY, CRAIG
                                      YATES and DISABILITY RIGHTS ENFORCEMENT,
                                      EDUCATION, SERVICES:HELPING YOU HELP
                                      OTHERS, a California public benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _2/22_____, 2007    THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                 THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs PATRICK CONNALLY, CRAIG
                             YATES and DISABILITY RIGHTS, ENFORCEMENT,
                             EDUCATION, SERVICES:HELPING YOU HELP
                             OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

# EXHIBIT A

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

October 10, 2006

Manager
US Smog & Gas
3000 Shattuck Ave.
Berkeley, CA 94705

Dear Manager:

On a couple of occasions, I got gas at US Smog & Gas. I've been there with my friend Patrick
Connally. As we both use wheelchairs there's a problem with the station. You can't get into the
unisex restroom and use it. You need a ramp, a way to get in and a sign. You need to check the
inside and be sure it's usable.

Patrick and I would really appreciate it if you would give us written assurance within the next
two weeks that you will take care of these problems within the next three months. We'd like a
written agreement. If you cannot do this would you forward my letter to whomever is in charge.
I will be coming back periodically to get gas. Patrick travels with me much of the time. That's
why it's important to him. If there is some problem doing this please let me know. Would you
please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to
do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and
Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA  94607-4046.
You can also get a hold of them at 1-800-949-4232. You can also get ADA Regulations and
Technical Assistance Materials by calling 1-800-514-0301. Either of them can send you a copy
of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the
work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for
barriers and remove them. This would help you with the restroom.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

October 10, 2006

Owner of Building for US Smog & Gas
US Smog & Gas
3000 Shattuck Ave.
Berkeley, CA 94705

Dear Owner of Building for US Smog & Gas:

On a couple of occasions, I got gas at US Smog & Gas.  I've been there with my friend Patrick
Connally.  As we both use wheelchairs there's a problem with the station.  You can't get into the
unisex restroom and use it.  You need a ramp, a way to get in and a sign.  You need to check the
inside and be sure it's usable.

Patrick and I would really appreciate it if you would give us written assurance within the next
two weeks that you will take care of these problems within the next three months.  We'd like a
written agreement.  If you cannot do this would you forward my letter to whomever is in charge.
I will be coming back periodically to get gas.  Patrick travels with me much of the time.  That's
why it's important to him.  If there is some problem doing this please let me know.  Would you
please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to
do, you can contact Pacific ADA and IT Center.  You can write to them at Pacific Disability and
Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA   94607-4046.
You can also get a hold of them at 1-800-949-4232.  You can also get ADA Regulations and
Technical Assistance Materials by calling 1-800-514-0301.  Either of them can send you a copy
of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the
work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for
barriers and remove them.  This would help you with the restroom.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

October 4, 2006

Manager
US Smog & Gas
3000 Shattuck Ave.
Berkeley, CA 94705

Dear Manager:

On a couple of occasions, I got gas at US Smog & Gas. I've been there with my friend Patrick
Connally. As we both use wheelchairs there's a problem with the station. You can't get into the
unisex restroom and use it. You need a ramp, a way to get in and a sign. You need to check the
inside and be sure it's usable.

Patrick and I would really appreciate it if you would give us written assurance within the next
two weeks that you will take care of these problems within the next three months. We'd like a
written agreement. If you cannot do this would you forward my letter to whomever is in charge.
I will be coming back periodically to get gas. Patrick travels with me much of the time. That's
why it's important to him. If there is some problem doing this please let me know. Would you
please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to
do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and
Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA  94607-4046.
You can also get a hold of them at 1-800-949-4232. You can also get ADA Regulations and
Technical Assistance Materials by calling 1-800-514-0301. Either of them can send you a copy
of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the
work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for
barriers and remove them. This would help you with the restroom.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903


October 4, 2006


Owner of Building for US Smog & Gas
US Smog & Gas
3000 Shattuck Ave.
Berkeley, CA 94705


Dear Owner of Building for US Smog & Gas:

On a couple of occasions, I got gas at US Smog & Gas.  I've been there with my friend Patrick
Connally.  As we both use wheelchairs there's a problem with the station.  You can't get into the
unisex restroom and use it.  You need a ramp, a way to get in and a sign.  You need to check the
inside and be sure it's usable.

Patrick and I would really appreciate it if you would give us written assurance within the next
two weeks that you will take care of these problems within the next three months.  We'd like a
written agreement.  If you cannot do this would you forward my letter to whomever is in charge.
I will be coming back periodically to get gas.  Patrick travels with me much of the time.  That's
why it's important to him.  If there is some problem doing this please let me know.  Would you
please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to
do, you can contact Pacific ADA and IT Center.  You can write to them at Pacific Disability and
Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA  94607-4046.
You can also get a hold of them at 1-800-949-4232. You can also get ADA Regulations and
Technical Assistance Materials by calling 1-800-514-0301.  Either of them can send you a copy
of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the
work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for
barriers and remove them.  This would help you with the restroom.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

AO 440 (Rev 10/93) SUMMONS in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PATRICK CONNALLY an individual; CRAIG YATES an
individual; and DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU HELP
OTHERS, a California public benefit corporation,

E-filing

SUMMONS IN A CIVIL CASE

CASE NUMBER: _____

V.

USA SMOG & GASOLINE; SHAHZADA KHAN, an
individual dba USA SMOG & GASOLINE

**C 07    1250**

**WHA**

TO:

See service list attached

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.
You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

MAR  2 2007

GLERK                                          DATE

(BY) DEPUTY CLERK

MARY ANN BUCKLEY

## SERVICE LIST

# Patrick Connally & Craig Yates v. USA Smog & Gasoline
Case No.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Shahzada Khan
USA Smog & Gasoline
3000 Shattuck Ave.
Berkeley, CA 94705

JS44-No.CALIF (Rev.4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**

PATRICK CONNALLY an individual; CRAIG YATES an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,

**DEFENDANTS**

USA SMOG & GASOLINE; SHAHZADA KHAN, an individual dba USA SMOG & GASOLINE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

MARIN County

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)    Alameda County
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109  415/674-8600

**ATTORNEYS (IF KNOWN)**

Unknown

**II. BASIS OF JURISDICTION** (PLACE AN "n" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "n" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]6 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. ORIGIN**    (PLACE AN "n" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "n" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | **PERSONAL PROPERTY** | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| | | | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 791 Empl.Ret. Inc. Security Act | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | | | [ ] 890 Other Statutory Actions |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | |
| [ ] 245 Tort Product Liability | [X] 440 Other Civil Rights | [ ] 550 Civil Rights | | | |
| [ ] 290 All Other Real Property | ADA Title III | [ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans With Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND$ According to proof.
- [ ] CHECK YES only if demanded in complaint.
- JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE A "n" IN ONE BOX ONLY) [ ] SAN FRANCISCO/OAKLAND [ ] SAN JOSE

DATE 2/26/07    SIGNATURE OF ATTORNEY OF RECORD

February 26, 2007    Thomas E. Frankovich